UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

LUIS A. VAZQUEZ-DIAZ,                             :
               Petitioner,          :

v.                                                :

UNITED STATES OF AMERICA,                         :
               Respondent.         :

------------------------------------------------------------x

**ORDER**

21 CV 6757 (VB)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/21/22

      Petitioner, who is currently confined at the Medical Center for Federal Prisoners in Springfield, Missouri (the "Springfield Medical Center"), which is located within the jurisdiction of the U.S. District Court for the Western District of Missouri (the "Western District"), filed a pro se petition for a writ of habeas corpus in this Court on August 5, 2021. Because petitioner is in federal custody, but not pursuant to a federal judgment of conviction or sentence, the Court construed his petition as being brought under 28 U.S.C. § 2241. Petitioner principally challenges his civil commitment at the Springfield Medical Center and the determination of the Western District to revoke his conditional release from civil commitment.

      Respondent has moved to dismiss the petition for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. 12(b)(1). (Doc. #21).

      For substantially the reasons set forth in the memorandum of law in support of respondent's motion, the motion is GRANTED.

      In February 2009, pursuant to 18 U.S.C. § 4246(d), petitioner was civilly committed by the Western District to the Springfield Medical Center. In February 2021, pursuant to 18 U.S.C. § 4246(e), the Western District granted the government's request that petitioner be conditionally released to a Residential Reentry Center in the Bronx.

      However, in May 2021, pursuant to 18 U.S.C. § 4246(f), the Western District ordered petitioner's arrest because of his failure to comply with a prescribed treatment regimen. As of June 24, 2021, petitioner was re-confined at the Springfield Medical Center. On August 24, 2021, after a hearing, the Western District formally revoked petitioner's conditional release. The U.S. Court of Appeals for the Eighth Circuit affirmed that decision in November 2021, and issued its mandate in January 2022.

      Section 2241(c)(3) authorizes a habeas court to determine whether a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." However, pursuant to Section 2241(a), district courts may grant relief only "within their respective jurisdictions." For "core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004). However, the appropriate jurisdiction to consider a Section 2241 habeas petition challenging a petitioner's commitment pursuant to Section 4246 is the Court that committed the petitioner. See Archuleta v. Hedrick, 365 F.3d 644, 649 (8th Cir. 2004); Massengill v. Trevino, 2010 WL 1286431, at *2 (E.D. Mich. Mar. 31, 2010); Phelps v. Haas, 2007 WL 2827416, at *1

1

(D. Mass. Sept. 26, 2007); <u>Copley v. Keohane</u>, 1997 WL 568012, at *1 (N.D.N.Y. Sept. 11, 1997).

Here, the Western District is both the district of confinement and the district that committed petitioner. Thus, this Court—i.e., the Southern District of New York—lacks jurisdiction over the petition.

Although this Court has the power to transfer the petition to the Western District, rather than dismiss it, <u>see</u> 28 U.S.C. §§ 1406(a), 1631, the interests of justice warrant dismissal rather than transfer. Petitioner has recently litigated the matter in the Western District and is free to litigate it there again by filing a motion for discharge pursuant to 18 U.S.C. § 4247(h). No purpose would be served by transferring the petition to the Western District under these circumstances.

For all the foregoing reasons, the motion to dismiss for lack of subject matter jurisdiction is GRANTED. The petition is DISMISSED.

The Clerk is instructed to enter Judgment accordingly, and close this case.

A federal prisoner seeking habeas relief under Section 2241 need not obtain a certificate of appealability to take an appeal. <u>See</u> <u>Murphy v. United States</u>, 199 F.3d 599, 601 n.2 (2d Cir. 1999). However, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore <u>in forma pauperis</u> status is denied for the purposes of an appeal. <u>Cf</u>. <u>Coppedge v. United States</u>, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Order to petitioner at the address on the docket.

Dated: March 21, 2022
     White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge